IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Chamelle A. Jefferson<br>    Debtor(s) | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY, PURSUANT TO A TRUST INDENTURE DATED AS OF APRIL 1, 1982)<br>    Movant<br>vs. | NO. 22-10520 ELF<br><br>11 U.S.C. Section 362 |
| Chamelle A. Jefferson<br>    Debtor(s) | |
| Kenneth E. West<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,742.26,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 2022 through July 2022 at $920.06/month |
| Late Charges: | March 2022 through June 2022 at $25.99/month |
| Attorney's Fees/Costs | $1,038.00 |
| **Total Post-Petition Arrears** | **$5,742.26** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

    a) Debtor shall submit a substantially complete loss mitigation application by on or before August 1, 2022;

    b) Debtor shall obtain a permanent modification by October 31, 2022.

3. Additionally, beginning on August 1, 2022, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 5, 2022

                                      **/s/ Rebecca A. Solarz, Esquire**
                                      Rebecca A. Solarz, Esquire
                                      Attorney for Movant

Date: 7/11/22

                                      Zachary Perlick, Esq.
                                      Attorney for Debtor(s)

Date: 7/13/2022                /s/ LeRoy W. Etheridge , Esq. for *  *no objections ot its terms,
                                      Kenneth E. West                        without prejudice to any of
                                      Chapter 13 Trustee                   our rights and remedies

Approved by the Court this _____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

                                      Bankruptcy Judge
                                      Eric L. Frank