United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                    Case No. 22-10520-elf

Chamelle A. Jefferson                                                      Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jul 18, 2022 | Form ID: pdf900 | Total Noticed: 4 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 20, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Chamelle A. Jefferson, 1614 W. Godfrey Avenue, Philadelphia, PA 19141-1926 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | Email/Text: megan.harper@phila.gov | Jul 18 2022 23:59:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | Email/Text: RVSVCBICNOTICE1@state.pa.us | Jul 18 2022 23:59:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| cr | Email/Text: megan.harper@phila.gov | Jul 18 2022 23:59:00 | CITY OF PHILADELPHIA, Tax & Revenue Unit, 1401 JOHN F. KENNEDY BLVD., 5TH FLOOR, Major Tax Litigation Division, Philadelphia, PA 19102-1595 |

TOTAL: 3

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 20, 2022                    Signature:              /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 18, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| KENNETH E. WEST | on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com  philaecf@gmail.com |

District/off: 0313-2

User: admin

Page 2 of 2

Date Rcvd: Jul 18, 2022

Form ID: pdf900

Total Noticed: 4

PAMELA ELCHERT THURMOND
on behalf of Creditor CITY OF PHILADELPHIA pamela.thurmond@phila.gov edelyne.jean-baptiste@phila.gov

REBECCA ANN SOLARZ
on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com
rsolarz@kmllawgroup.com

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

ZACHARY PERLICK
on behalf of Debtor Chamelle A. Jefferson Perlick@verizon.net pireland1@verizon.net


TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Chamelle A. Jefferson | CHAPTER 13 |
| _____Debtor(s)_____ | |
| | |
| U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY, PURSUANT TO A TRUST INDENTURE DATED AS OF APRIL 1, 1982) | NO. 22-10520 ELF |
| _____Movant_____ | |
| vs. | 11 U.S.C. Section 362 |
| Chamelle A. Jefferson | |
| _____Debtor(s)_____ | |
| | |
| Kenneth E. West | |
| _____Trustee_____ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.  The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,742.26,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 2022 through July 2022 at $920.06/month |
| Late Charges: | March 2022 through June 2022 at $25.99/month |
| Attorney's Fees/Costs | $1,038.00 |
| **Total Post-Petition Arrears** | **$5,742.26** |

2.  The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

   a) Debtor shall submit a substantially complete loss mitigation application by on or before August 1, 2022;

   b) Debtor shall obtain a permanent modification by October 31, 2022.

3.  Additionally, beginning on August 1, 2022, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4.  If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Case 22-10520-elf    Doc 41    Filed 07/20/22    Entered 07/21/22 00:30:39    Desc Imaged
Case 22-10520-elf    Doc 35    Certificate of Notice    Entered 07/13/22 13:52:30    Desc Main
Document    Page 3 of 3    Page 5 of 5

12.    The parties agree that a facsimile signature shall be considered an original signature.


Date:    July 5, 2022

**/s/ Rebecca A. Solarz, Esquire**
Rebecca A. Solarz, Esquire
Attorney for Movant


Date: ___7/11/22___

Zachary Perlick, Esq.
Attorney for Debtor(s)


Date: _7/13/2022_

*/s/ LeRoy W. Etheridge , Esq. for* *
Kenneth E. West
Chapter 13 Trustee

*no objections ot its terms,
without prejudice to any of
our rights and remedies*

# ORDER

Approved by the Court this 15th day of ___July___, 2022.  However, the court
retains discretion regarding entry of any further order.


Bankruptcy Judge
Eric L. Frank